## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CRISEVA, LLC d/b/a PREMIER CRUISE
PARKING, a Florida limited liability company, and         CASE NO.:
PARKING2CRUISE, LLC, a Florida
limited liability company,

       Plaintiffs,

v.

FABENK CORPORATION, a Florida corporation,
PARKINGTRIP TECHNOLOGIES,
CORPORATION, a Florida corporation,
EIKEL INDA, individually, and
JORGE OSMANY, individually.

       Defendants.
_____/

## VERIFIED COMPLAINT

    Plaintiffs, CRISEVA, LLC d/b/a PREMIER CRUISE PARKING (hereinafter "CRISEVA") and PARKING2CRUISE, LLC (hereinafter "PARKING2CRUISE") (collectively referred to hereinafter as "Plaintiffs"), by and through the undersigned counsel, hereby file this Verified Complaint against Defendants, FABENK CORPORATION (hereinafter "FABENK"), PARKINGTRIP TECHNOLOGIES CORPORATION (hereinafter "PARKINGTRIP"), EIKEL INDA (hereinafter "INDA"), and JORGE OSMANY (hereinafter "OSMANY") (collectively referred to hereinafter as "Defendants"), and as grounds state as follows:

## INTRODUCTION

    This is an action brought by CRISEVA and PARKING2CRUISE against Defendants for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, *et seq.*, breach of fiduciary duty, and tortious interference with a business relationship.   CRISEVA and

FABENK are members of PARKING2CRUISE, which facilitates affordable, secure, and guaranteed parking for cruise passengers near major ports through https://parking2cruise.com. Plaintiffs seek: (1) to compel Defendants to immediately return and restore the Criseva Website, as more fully defined below, which Defendants accessed, obtained, and/or altered in violation of 18 U.S.C. §§ 1030, *et seq.*; (2) to enjoin Defendants from using the Criseva Website in connection with business unrelated to PARKING2CRUISE, including, but not limited to, any business being conducted by PARKINGTRIP; and (3) for such other preliminary and permanent injunctive relief as the Court deems appropriate.  Finally, Plaintiffs seek damages stemming from the willful and deliberate actions of Defendants.  This Verified Complaint, as well as the accompanying request for preliminary injunctive relief, is necessary to restore PARKING2CRUISE's business operations and to protect CRISEVA from Defendants' ongoing use of the Criseva Website, which Defendants wrongfully accessed, altered, and retained for their own use on or about June 21, 2015.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, CRISEVA is a Florida limited liability company with its principal place of business in Miami, Florida.

2.      Plaintiff, PARKING2CRUISE, is a Florida limited liability company with its principal place of business in Miami, Florida.

3.      Defendant, FABENK, is a Florida corporation with its principal place of business in Hialeah Gardens, Florida.

4.      Defendant, PARKINGTRIP, is a Florida corporation with its principal place of business in Hialeah Gardens, Florida.

5.      Defendant, INDA, is an individual who resides in Hialeah Gardens, Florida, and

is otherwise *sui juris*.

6.     Defendant, OSMANY, is an individual who resides in Hialeah Gardens, Florida, and is otherwise *sui juris*.

7.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to 18 U.S.C. § 1030(g), which grants Plaintiffs civil remedies for Defendants' violations of the CFAA. Thus, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8.     This Court may exercise supplemental jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in this district.  Venue also lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district, or a substantial part of the property that is the subject of this action is situated in this district.

10.     All conditions precedent to the filing of this action have been performed, satisfied, or waived.

11.     Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed and obligated themselves to pay a reasonable fee for their services.

<u>**GENERAL ALLEGATIONS**</u>

12.     Christopher De Leon and Evaelis De Leon are the 50/50 owners and managers of CRISEVA.

13.     CRISEVA transacts business under the fictitious name, Premier Cruise Parking, which was registered with the State of Florida in 2009.

14.     Premier Cruise Parking is also the name of a parking facility owned by CRISEVA and located in Miami, Florida.

15.     In or around April of 2014, CRISEVA decided to create a parking service that facilitates affordable, secure, and guaranteed parking for cruise passengers near all major ports. In order to execute its vision, CRISEVA endeavored to build a website, whereby cruise passengers could reserve parking for their vehicle for the duration of their cruise.  CRISEVA would then coordinate with the owners and operators of parking facilities (hereinafter "parking affiliates") in or around the ports to fulfill the cruise passengers' reservations.

16.     CRISEVA planned to introduce its parking service at the Port of Miami, where its Premier Cruise Parking facility was already located, and gradually expand to other ports and facilities throughout the State of Florida, around the country, and internationally.

17.     In or around June of 2014, Christopher De Leon ("De Leon"), on behalf of CRISEVA, contacted INDA with the expectation and hope that INDA would develop the website for the cruise parking service that CRISEVA envisioned.

18.     INDA is the Director and President of FABENK.  He is also, upon information and belief, a computer engineer.

19.     On June 12, 2014, De Leon sent INDA an email containing links to several websites for airport parking services that were similar to CRISEVA's proposed cruise parking service.

20.     Recognizing that CRISEVA's cruise parking service concept was "great and valuable," INDA advised De Leon that CRISEVA's proposed business required not only the creation of a website, but also the development of highly complex software with a front-end that would allow customers to make online reservations and a back-end that would facilitate

reservation fulfillment and operations management.

21.     De Leon met with INDA on or around June 19, 2014 to discuss more of the details of CRISEVA's cruise parking service.

22.     INDA (on behalf of FABENK) agreed to create the "Criseva Website" for CRISEVA's cruise parking service and De Leon (on behalf of CRISEVA) agreed to pay FABENK a fee for his services.

23.     Criseva Website, as used herein, shall mean the fully functioning website previously accessed at https://parking2cruise.com until removed on or about June 21, 2015, and including the following supporting elements: (1) all front end content and assets, including .pdfs, video, images, and other graphic elements; (2) pre-compiled code and post-compiled source code, including HTML, CSS, PHP, JavaScript, etc., and any online or offline databases; (3) all versions of the website, such as may be located on github repository or other third party storage location; (4) all user or log in information and passwords for any host, FTP, domain registrar, content management system, e-commerce, third party API (application program interface), payment processor, or other third party access information; and (5) all other content required to transfer the fully functional site or located on the host server.

24.     INDA began creating the Criseva Website at the end of June of 2014.

25.     As the parties began working together, INDA (on behalf of FABENK) requested an interest in CRISEVA's cruise parking company.  After some negotiations, CRISEVA and FABENK agreed to create a new entity, PARKING2CRUISE in which CRISEVA would hold a 60% interest and FABENK would hold a 40% interest.  CRISEVA was responsible for creating the infrastructure, devoting the manpower, and answering the phones associated with PARKING2CRUISE.  INDA (on behalf of FABENK) was responsible for maintaining the

Criseva Website and establishing PARKING2CRUISE's social media presence.

26.     In an email dated August 27, 2014, INDA informed De Leon that he was making good progress and that the first test version of the Criseva Website would be ready at the end of September.

27.     Also on that day, FABENK issued an invoice to Premier Cruise Parking and/or De Leon for "Software Application & Services" in the amount of $12,000.00.  *See* **Exhibit A**.

28.     CRISEVA, doing business as Premier Cruise Parking, issued a check to FABENK for $12,000.00 on September 5, 2014, which upon information and belief, was cashed by FABENK four days later.  *See* **Exhibit B**.

29.     On October 8, 2014, INDA forwarded De Leon "a top secret prototype" of the PARKING2CRUISE reservation home page.  *See* **Exhibit C.**

30.     On October 28, 2014, the Articles of Organization for PARKING2CRUISE were filed with the State of Florida with an effective date of November 1, 2014.  The Articles of Organization name CRISEVA and FABENK as the managers of the company.

31.     There is no operating agreement for PARKING2CRUISE.  However, pursuant to De Leon and INDA's verbal agreement discussed above, CRISEVA owns a 60% interest in PARKING2CRUISE and FABENK owns the remaining 40% interest.

32.     Over the next few months, INDA continued working on the Criseva Website so that PARKING2CRUISE could begin accepting cruise parking reservations.

33.     During that time, INDA and De Leon exchanged several emails and text messages regarding the details of the business, information requested by INDA from CRISEVA necessary to fill in outstanding components of the Criseva Website and the status of the Criseva Website.

34.     INDA also expressed his enthusiasm and excitement about the Criseva Website.

35.     For example, on or about November 11, 2014, INDA sent De Leon a text message stating, "And to think you are now the owner of the best reservation system in South Florida!"

36.     In early 2015, INDA introduced OSMANY to De Leon as INDA's new partner and advised De Leon that OSMANY held a 45% interest in FABENK.

37.     On February 26, 2015, PARKING2CRUISE began accepting reservations and advertising on Google for cruise passenger parking at the Port of Miami.

38.     INDA and De Leon also began discussing plans to expand PARKING2CRUISE to additional ports.

39.     Despite these discussions, INDA expressed concern to De Leon about PARKING2CRUISE's business growth.

40.     De Leon reassured INDA that "this is a long process" that "won't happen overnight."

41.     On or around April 1, 2015, PARKING2CRUISE expanded to Port Everglades in Ft. Lauderdale Florida.

42.     In early May of 2015, PARKING2CRUISE expanded to the ports in Jacksonville and Tampa and was in the process of expanding to Seattle.

43.     By mid-May of 2015, INDA became less and less responsive to De Leon's correspondence concerning PARKING2CRUISE.

44.     Around that time, De Leon discovered that INDA incorporated a new entity, PARKINGTRIP, by filing its Articles of Incorporation with the State of Florida on May 26, 2015.  The effective date of PARKINGTRIP is May 25, 2015.  The Articles of Incorporation name INDA as Director and President of PARKINGTRIP and OSMANY as Director and Vice President of PARKINGTRIP.

45.     INDA never mentioned PARKINGTRIP to De Leon.  However, during a meeting on June 11, 2015, INDA advised De Leon and that he was leaving PARKING2CRUISE to pursue his own business.

46.     Ten days later, on June 21, 2015, INDA, without authorization or in excess of his authorized access, completely disabled the Criseva Website.

47.     By this time, PARKING2CRUISE had established business relationships with both customers and parking affiliates at the various ports where PARKING2CRUISE was providing cruise reservation services.

48.     PARKING2CRUISE can no longer service its customers and parking affiliates through the Criseva Website, nor can it generate any new business using the Criseva Website.

49.     Upon information and belief, INDA and OSMANY have utilized the Criseva Website to create a competing business and website for PARKINGTRIP while foreclosing PARKING2CRUISE's ability to conduct any business.  The PARKINGTRIP website, accessed at https://parkingtrip.com, utilizes the same terminology, design, headings, and layout as the Criseva Website that INDA created for PARKING2CRUISE.  *See* **Exhibit D**.

50.     Upon information and belief, the PARKINGTRIP website was built using the Criseva Website.

51.     Although the PARKINGTRIP website purports to provide airport parking services, as of July 1, 2015, the PARKINGTRIP website contained remnants of the Criseva Website, which referenced cruise passenger parking.  *See* **Exhibit D**.

52.     In addition to the funds paid to FABENK for "Software Application & Services," CRISEVA invested thousands of dollars in advertising for PARKING2CRUISE.

53.     As a member of PARKING2CRUISE, CRISEVA can maintain a derivative action

to enforce the rights of PARKING2CRUISE pursuant to Fla. Stat. § 605.0802.

54.     A demand that the managers of PARKING2CRUISE cause the company to take action to enforce its rights would be futile, or irreparable injury would result to PARKING2CRUISE by waiting for the managers to take action.  On June 11, 2015, CRISEVA and FABENK, the sole managers and members of PARKING2CRUISE met to discuss the status of the company.  FABENK stated that he was leaving the business and disabled the Criseva Website ten days later.

**COUNT I**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**
**(For legal relief as to FABENK, PARKINGTRIP, and INDA)**

55.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 54 of this Verified Complaint as if more fully set forth herein.

56.     Defendant INDA, in his personal capacity and as an agent of FABENK and PARKINGTRIP, intentionally accessed, by means of conduct involving interstate communication, Plaintiffs' protected computer, without authorization or in excess of his authorized access, and thereby obtained and altered the Criseva Website in violation of the CFAA, 18 U.S.C. § 1030(a)(2)(C).

57.     Defendant INDA, in his personal capacity and as an agent of FABENK and PARKINGTRIP, knowingly and with intent to defraud, accessed Plaintiffs' protected computer without authorization or in excess of his authorized access and by means of such conduct, furthered his intended fraud, including, without limitation, obtaining and altering the Criseva Website in violation of 18 U.S.C. § 1030(a)(4).

58.     As a direct and proximate result of the misconduct and violations of the CFAA by INDA, FABENK, and PARKINGTRIP, Plaintiffs have suffered damage or loss in an amount

exceeding $5,000 and are entitled to an award of damages pursuant to 18 U.S.C. § 1030(g).

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against INDA, FABENK, and PARKINGTRIP for actual damages, unjust enrichment damages, and any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**
**(For injunctive relief as to FABENK, PARKINGTRIP, and INDA)**

59.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 58 of this Verified Complaint as if more fully set forth herein.

60.     By virtue of FABENK, PARKINGTRIP, and INDA's violations of the CFAA, Plaintiffs possess a clear legal right to relief under 18 U.S.C. §§ 1030, *et seq.*

61.     FABENK, PARKINGTRIP, and INDA's ongoing access, possession, and utilization of the Criseva Website, coupled with the disabling of https://parking2cruise.com, poses a real, present, and continuing threat to Plaintiffs' ability to sustain their business, while also diverting present and prospective customers and parking affiliates with whom PARKING2CRUISE enjoys substantial business relationships, to PARKING2CRUISE's competitors.

62.     Thus, FABENK, PARKINGTRIP, and INDA's violations of the CFAA pose a substantial threat that Plaintiffs will suffer irreparable injury if a preliminary and/or permanent injunction is not granted.

63.     Plaintiffs have no adequate remedy at law for FABENK, PARKINGTRIP, and INDA's ongoing possession and utilization of the Criseva Website obtained in violation of the CFAA.

64.     Unless a preliminary and/or permanent injunction is entered by this Court

directing FABENK, PARKINGTRIP, and INDA, their officers, agents, and employees, as well as those acting in concert with them, to cease from the actions and conduct described above, greater injury will be inflicted on Plaintiffs than could possibly result to FABENK, PARKINGTRIP, and INDA by the granting of said relief.  Thus, the actual and threatened harm to Plaintiffs outweighs any purported damages to FABENK, PARKINGTRIP, and INDA.

65.     An injunction would serve the public interest.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a preliminary and permanent injunction against FABENK, PARKINGTRIP, and INDA mandating the following: (1) that FABENK, PARKINGTRIP, and INDA restore the Criseva Website to Plaintiffs, (2) that FABENK, PARKINGTRIP, and INDA be enjoined from using the Criseva Website in any way; (3) that FABENK, PARKINGTRIP, and INDA be required to do an accounting and disgorge any and all profits connected to their wrongful utilization of the Criseva Website.  Plaintiffs further requests that in addition to the aforementioned injunctive relief, this Court enter judgment against FABENK, PARKINGTRIP, and INDA for any and all further relief that the Court deems just and proper.

### COUNT III
### BREACH OF FIDUCIARY DUTY TO PARKING2CRUISE
### UNDER FLA. STAT. § 605.04091
### (As to FABENK)

66.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65 of this Verified Complaint as if more fully set forth herein.

67.     As a manager of PARKING2CRUISE, FABENK owed PARKING2CRUISE a duty of loyalty under Fla. Stat. § 605.04091, including, but not limited to, a duty not to engage in disloyal acts in anticipation of future competition and a duty to act in the best interests of PARKING2CRUISE and consistent with the obligation of good faith and fair dealing.

68.     FABENK also owed PARKING2CRUISE a duty of care under Fla. Stat. § 605.04091 to refrain from engaging in grossly negligent, reckless, willful or intentional misconduct in conducting the activities and affairs of PARKING2CRUISE.

69.     FABENK breached its fiduciary duties to PARKING2CRUISE by failing to act in a manner consistent with its duty of loyalty and duty of care by, *inter alia*, disabling the Criseva Website and thereby inhibiting the company's operations and business relationships, and utilizing the Criseva Website to create a substantially similar website and business for PARKINGTRIP.

70.     FABENK's misconduct, as described herein, was grossly negligent, reckless, willful and/or intentional.

71.     As a direct and proximate result of FABENK's breaches of the aforementioned fiduciary duties to PARKING2CRUISE, PARKING2CRUISE has suffered damages.

**WHEREFORE**, PARKING2CRUISE respectfully requests that this Court enter judgment against FABENK for the damages incurred by PARKING2CRUISE and grant any and all such further relief this Court deems just and proper.  PARKING2CRUISE further reserves the right to amend this Verified Complaint to include a claim for punitive damages against FABENK pursuant to Fla. Stat. § 768.72.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**
**(As to PARKINGTRIP, INDA, and OSMANY)**

72.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 71 of this Verified Complaint as if more fully set forth herein.

73.     PARKING2CRUISE had a business relationship with parking affiliates located around the ports of Miami, Ft. Lauderdale, Jacksonville, and Tampa.

74.     PARKING2CRUISE also had business relationships with the customers who utilized the Criseva Website prior to June 21, 2015 to create cruise parking reservations with PARKING2CRUISE's parking affiliates.

75.     Defendants were at all times aware of PARKING2CRUISE's business relationships with its customers and parking affiliates.

76.     INDA intentionally and unjustifiably interfered with PARKING2CRUISE's business relationships by disabling the Criseva Website on or around June 21, 2015 such that PARKING2CRUISE can no longer accept new parking reservations or modify and/or cancel existing parking reservations through the Criseva Website.

77.     INDA and OSMANY, both individually, and on behalf of PARKINGTRIP, also intentionally and unjustifiably interfered with PARKING2CRUISE's business relationships by using the Criseva Website to create a substantially similar website and business for PARKINGTRIP.

78.     As a direct and proximate result of PARKINGTRIP, INDA, and OSMANY's intentional and unjustified interference with PARKING2CRUISE's business relationships, PARKING2CRUISE has suffered damages.

WHEREFORE, PARKING2CRUISE respectfully requests that this Court enter judgment against PARKINGTRIP, INDA, and OSMANY for compensatory damages, actual damages, interest, and costs, and grant any and all such further relief this Court deems just and proper. Plaintiff further reserves the right to amend this Verified Complaint to include a claim for punitive damages against Defendants pursuant to Fla. Stat. § 768.72.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted this 14th day of July, 2015.

**TRIPP SCOTT, P.A.**
*Attorneys for Plaintiffs*
110 SE 6th St, 15th Floor
Fort Lauderdale, FL, 33301
Tel: 954-525-7500
Fax: 954-761-8475

By: ***/s/ Paul O. Lopez***
Paul O. Lopez, Esq. FBN 983314
(pol@trippscott.com)
Catalina M Avalos, Esq., FBN: 90425
(cma@trippscott.com)
Rachel R. Bausch, Esq., FBN: 0105062
(rrb@trippscott.com)

## **VERIFICATION**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

SIGNATURE: _____

CRISEVA, LLC

PRINT NAME: _Christopher de Leon_

TITLE: _Gen Mge_

DATE: _7/14/2015_

STATE OF FLORIDA          )
COUNTY OF BROWARD          )

The foregoing VERIFIED COMPLAINT was acknowledged before me on July _14_, 2015 by _Christopher DeLeon_, as General Manager of Criseva, LLC who is personally known to me or who has produced valid and statutorily sufficient identification.

☐ Personally Known
☒ Identification Provided: _FL DL D450116583630_

_____
Notary Public, State of Florida at Large

Printed Name: _Laura Hernandez_
Commission Stamp

LAURA I. HERNANDEZ
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE210050
Expires 6/20/2016

890951v2 997284.0001                    15